# EXHIBIT  1

MIN: Redacted                                      Loan Number: Redacted

# ADJUSTABLE RATE BALLOON NOTE
## (LIBOR Six-Month Index (As Published In *The Wall Street Journal*)-Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT.  THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

**THIS LOAN IS PAYABLE IN FULL AT MATURITY.  YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE.  LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME.  YOU WILL, THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY.  IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

FEBRUARY 7, 2006          NORTH HOLLYWOOD          CALIFORNIA
[Date]                             [City]                             [State]

2450 EAST DEL MAR BOULEVARD #34, PASADENA, CALIFORNIA 91107
[Property Address]

## 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 427,500.00          (this amount is called "Principal"), plus interest, to the order of Lender.  Lender is OWNIT MORTGAGE SOLUTIONS, INC., A CALIFORNIA CORPORATION
I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note.  Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid.  I will pay interest at a yearly rate of     6.990 %.  The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3.  PAYMENTS

**(A) Time and Place of Payments**
I will pay principal and interest by making a payment every month.
I will make my monthly payments on the  1st  day of each month beginning on APRIL 1
2006    .  I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.  Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal.  If, on MARCH 1, 2036
I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at P.O. BOX 4387, HOUSTON, TEXAS
77210-4387
                                                or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**
Each of my initial monthly payments will be in the amount of U.S. $2,603.27          .  This amount may change.

CERTIFIED TO BE A TRUE AND CORRECT COPY
BY
INTER VALLEY ESCROW

Na6mlibb.nte.1.tem

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4.    INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the 1st  day of  MARCH, 2009              , and on that day every  12th  month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX AND 375/1000           percentage points (      6.375  %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Amortization Date (described below) at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment. For purposes of calculating monthly payments beginning with the first monthly payment due after the first Change Date and continuing thereafter through the final Change Date, the "Amortization Date" is the date that is  180    months following the Maturity Date.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than     9.990 % or less than    6.990 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE AND 000/1000           percentage point(s) (     1.000  %) from the rate of interest I have been paying for the preceding 12    months. My interest rate will never be greater than     12.990 %. My interest rate will never be less than     6.990 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5.    BORROWER'S RIGHT TO PREPAY ** See attached Prepayment Note Addendum.

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

MULTISTATE ADJUSTABLE RATE BALLOON NOTE–LIBOR SIX-MONTH INDEX
(AS PUBLISHED IN *THE WALL STREET JOURNAL*)--Single Family
NON ASSUMABLE 12/21/05                          Page 2 of 4

DocMagic *eForms* 800-649-1362
www.docmagic.com

Na6mlibb.nte.2.tcm

## 6.   LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7.   BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8.   GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10.   WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11.   UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

MULTISTATE ADJUSTABLE RATE BALLOON NOTE--LIBOR SIX-MONTH INDEX
(AS PUBLISHED IN *THE WALL STREET JOURNAL*)--Single Family
NON ASSUMABLE 12/21/05                    Page 3 of 4

DocMagic *eForms* 800-649-1362
www.docmagic.com

Na6mlibb.nte.3.tem

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
STEPHEN R. GOLDEN        -Borrower        KAREN D. GOLDEN        -Borrower

_____ (Seal)        _____ (Seal)
-Borrower        -Borrower

_____ (Seal)        _____ (Seal)
-Borrower        -Borrower

*[Sign Original Only]*

MULTISTATE ADJUSTABLE RATE BALLOON NOTE--LIBOR SIX-MONTH INDEX
(AS PUBLISHED IN *THE WALL STREET JOURNAL*)--Single Family
NON ASSUMABLE  12/21/05        Page 4 of 4

DocMagic *eForms* 800-649-1362
www.docmagic.com

Na6mibb.nte.4.tem

**SEE ATTACHED

PAY TO THE ORDER OF

WITHOUT RECOURSE
OWNIT MORTGAGE SOLUTIONS, INC.
A CALIFORNIA CORPORATION

BY:

Isaac G. Clocherty, Funder

***Attached***

U.S. Bank National Association, as trustee, on behalf of the holders of the Terwin
Mortgage Trust 2006-7 Asset-Backed Certificates, TMTS Series 2006-7

# PREPAYMENT ADDENDUM TO NOTE

Loan Number: Redacted

Date: FEBRUARY 7, 2006

Borrower(s): STEPHEN R. GOLDEN, KAREN D. GOLDEN

THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this    7th    day of
FEBRUARY,    2006    , and is incorporated into and shall be deemed to amend and supplement
that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of OWNIT
MORTGAGE SOLUTIONS, INC., A CALIFORNIA CORPORATION

("Lender") and dated the same date as this Addendum. Repayment of the Note is secured by a Mortgage, Deed of
Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date
as this Addendum. To the extent that the provisions of this Addendum are inconsistent with the provisions of the
Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower
and Lender further covenant and agree as follows:

Section  5  of the Note is amended to read in its entirety as follows:

### 5 . BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE

I have the right to make payments of Principal at any time before they are due. A payment
of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note
Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not
made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe
under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid
interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount
of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my
monthly payment unless the Note Holder agrees in writing to those changes.

If the Note contains provisions for a variable interest rate, my partial Prepayment may
reduce the amount of my monthly payments after the first Change Date following my partial
Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest
rate increase. If this Note provides for a variable interest rate or finance charge, and the interest
rate or finance charge at any time exceeds the legal limit under which a Prepayment penalty is
allowed, then the Note Holder's right to assess a Prepayment penalty will be determined under
applicable law.

If within THIRTY-SIX( 36 ) months from the date the Security Instrument is
executed I make a full Prepayment or one or more partial Prepayments, and the total of all such
Prepayments in any 12-month period exceeds twenty percent (20%) of the original Principal amount
of the loan, I will pay a Prepayment charge in an amount equal to    SIX    (    6    )
months' advance interest on the amount by which the total of my Prepayments within any 12-month
period exceeds twenty percent (20%) of the original Principal amount of the loan.

CERTIFIED TO BE A TRUE AND
BY _____
INTER VALLEY ESCROW

DocMagic eFarms 800-649-1362
www.docmagic.com
COPY

Uspata.ppf.1.tem

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Addendum.

_Stephen R Golden_  3-13-06          _Karen Golden_  2/3/06
Borrower STEPHEN R. GOLDEN          Date          Borrower KAREN D. GOLDEN          Date

_____          _____          _____          _____
Borrower                         Date               Borrower                         Date

_____          _____          _____          _____
Borrower                         Date               Borrower                         Date

CERTIFIED TO BE A TRUE AND
BY
INTER VALLEY ESCROW
CT COPY

DocMagic eForms  800-649-1362
www.docmagic.com

# EXHIBIT  2

**This page is part of your document - DO NOT DISCARD**

**06 0387367**

**RECORDED/FILED IN OFFICIAL RECORDS**
**RECORDER'S OFFICE**
**LOS ANGELES COUNTY**
**CALIFORNIA**
**02/22/06 AT 08:00am**

# TITLE(S) :

Redacted

**FEE**

| FEE $ | 70 | A |
|-------|----|---|
| DAF $ | 2  |   |
| C-20  |    |   |

*22*

**D.T.T.**

**CODE 20**

**CODE 19**

**CODE 9____**



**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**

**Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

SOUTHLAND TITLE

**06 0387367**

Recording Requested By:
OWNIT MORTGAGE SOLUTIONS, INC.

And After Recording Return To:
OWNIT MORTGAGE SOLUTIONS, INC.
27349 AGOURA ROAD, SUITE 100
AGOURA HILLS, CALIFORNIA 91301
Loan Number: Redacted

Redacted

———————— [Space Above This Line For Recording Data] ————————

# DEED OF TRUST

**MIN:** Redacted

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** **"Security Instrument"** means this document, which is dated  FEBRUARY 7, 2006     , together with all Riders to this document.  ·
**(B)** **"Borrower"** is STEPHEN R. GOLDEN AND KAREN D. GOLDEN, HUSBAND AND WIFE AS JOINT TENANTS

Borrower is the trustor under this Security Instrument.
**(C)** **"Lender"** is OWNIT MORTGAGE SOLUTIONS, INC.

Lender is a CALIFORNIA CORPORATION                                              organized
and existing under the laws of CALIFORNIA
Lender's address is 27349 AGOURA ROAD, SUITE 100, AGOURA HILLS,
CALIFORNIA 91301

**(D)** **"Trustee"** is LANDAMERICA SOUTHLAND TITLE
7530 N. GLENOAKS BLVD., BURBANK, CALIFORNIA 91504

**(E)** **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(F)** **"Note"** means the promissory note signed by Borrower and dated  FEBRUARY 7, 2006     .
The Note states that Borrower owes Lender FOUR HUNDRED TWENTY-SEVEN THOUSAND FIVE HUNDRED AND 00/100          Dollars (U.S. $ 427,500.00          ) plus interest.

Redacted

Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Page 1 of 14

*DocMagic* *eForms* 800-649-1362
www.docmagic.com

Cx3005 mzd 1 tem

Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than
MARCH 1, 2036          .

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under
the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are
to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☒ Condominium Rider    ☐ Second Home Rider

☐ Balloon Rider    ☐ Planned Unit Development Rider    ☒ Other(s) [specify]

☐ 1-4 Family Rider    ☐ Biweekly Payment Rider    ADJUSTABLE RATE BALLOON RIDER

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and
administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial
opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges
that are imposed on Borrower or the Property by a condominium association, homeowners association or similar
organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft,
or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or
magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term
includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by
telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any
third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or
destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in
lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note,
plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing
regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or
successor legislation or regulation that governs the same subject matter. As used in this Security Instrument,
"RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan"
even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that
party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and
assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of
the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants
and conveys to Trustee, in trust, with power of sale, the following described property located in the
COUNTY of          LOS ANGELES                :

[Type of Recording Jurisdiction]                          [Name of Recording Jurisdiction]

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                          Page 2 of 14                    DocMagic eForms 800-649-1362
www.docmagic.com

06 0387367

Ca3005.mzd 2 tem

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS
EXHIBIT "A".

which currently has the address of   2450 EAST DEL MAR BOULEVARD #34

[Street]

PASADENA                          , California    91107        ("Property Address"):

[City]                                            [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security
Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors
and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose
and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling
this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right
to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with
limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.   **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall
pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late
charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due
under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other
instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid,
Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in
one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check,
treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured
by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other
location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return
any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender
may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights
hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                          Page 3 of 14

DocMagic *eForms* 800-649-1362
www.docmagic.com

06 0387367

Ca3005.mzd.3.tem

obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

    **2.  Application of Payments or Proceeds.**  Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

    If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

    Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

    **3.  Funds for Escrow Items.**  Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

    Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

    The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender

DocMagic *eForms* 800-649-1362
www.docmagic.com

06 0387367

Ca3005.mzd.4.tem



shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                                           Page 5 of 14

**DocMagic** *eForms* 800-649-1362
*www.docmagic.com*

06 0387367

Ca3005.mzd 5 tem

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.  **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.  **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                                    Page 6 of 14                    DocMagic eForms 800-649-1362
www.docmagic.com

06. 0387367

Ca3005.mzd.6 tem

**8.   Borrower's Loan Application.**  Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan.  Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9.   Protection of Lender's Interest in the Property and Rights Under this Security Instrument.**  If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property.  Lender's actions can include, but are not limited to:  (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding.  Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off.  Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so.  It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.  These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10.   Mortgage Insurance.**  If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect.  If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender.  If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect.  Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance.  Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve.  Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance.  If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law.  Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed.  Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses.  These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements.  These

06 0387367

Ca3005.mzd 7 tem

agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) **Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

(b) **Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                               Page 8 of 14                        DocMagic *eForms* 800-649-1362
                                                                                         www.docmagic.com

06 0387367

Ca3005 mzd 8.tem

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender

DocMagic *eFORMS* 800-649-1362
www.docmagic.com

06 0387367

Ca3005.mzd 9.tem

specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                                    Page 10 of 14                    DocMagic ⓔⱤⱥⱳⱳⱱ 800-649-1362
                                                                                   www.docmagic.com

'06 0387367

Ca3005.mzd.10.tem

and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The**

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01    Page 11 of 14    DocMagic *eForms* 800-649-1362
www.docmagic.com

06 0387367

Ca3005.mzd 11.tem

notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                                    Page 12 of 14                    DocMagic *eForms* 800-649-1362
www.docmagic.com

06 0387367

Ca3005.mzd 12 tem

2/22/06

14

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
STEPHEN R. GOLDEN          -Borrower

_____ (Seal)
KAREN D. GOLDEN          -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

Witness:

Witness:

_____

_____

06 0387367

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                          Page 13 of 14                    DocMagic eFormms 800-649-1362
                                                                          www.docmagic.com

Ca3005.mzd.13.tem

15

State of California     )
            ) ss.
County of  LOS  ANGELES   )

On *February 13, 2006*  before me, *Dominique Boozer, Notary Public*

personally appeared  STEPHEN R.  GOLDEN,  KAREN D.  GOLDEN

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(S) whose name(S) ~~is/~~are subscribed to the within instrument and acknowledged to me that ~~he/she/~~they executed the same in ~~his/her/~~their authorized capacity(ies), and that by ~~his/her/~~their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



NOTARY SEAL

_____
NOTARY SIGNATURE

DOMINIQUE BOOZER
_____
(Typed Name of Notary)

06 0387367

Ca3005.mzd 14.tem

ORDER NO. <sup>Redacted</sup> 

## EXHIBIT "A"

A Condominium Comprised Of:

An undivided 2.787% interest in Lot(s)  1  of Tract No. 33545, in the City of Pasadena, County of Los Angeles, State of California, as per map recorded in Book 880 Page(s) 85 and 86 of Maps, in the office of the County Recorder of said County.

Except therefrom Units 1 to 36 inclusive as described and delineated on the Condominium Plan recorded on September 13, 1977 as Instrument No.  77-1008601, of Official Records of said County.

Unit 34 as described and delineated on the above mentioned Condominium Plan.

**APN #** Redacted

06 0387367

2/22/06

Loan Number: Redacted

Date: FEBRUARY 7, 2006

Property Address: 2450 EAST DEL MAR BOULEVARD #34, PASADENA, CALIFORNIA 91107

17

## EXHIBIT "A"

## LEGAL DESCRIPTION

A.P.N. # :

DocMagic *e*Forms 800-649-1362
www.docmagic.com

06. 0387367

Legal.msc

MIN: Redacted                                          Loan Number: Redacted

# ADJUSTABLE RATE BALLOON RIDER
## (LIBOR Six-Month Index (As Published In *The Wall Street Journal*)
## - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this 7th day of FEBRUARY, 2006 ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure
Borrower's Adjustable Rate Note (the "Note") to OWNIT MORTGAGE SOLUTIONS, INC.,
A CALIFORNIA CORPORATION
("Lender") of the same date and covering the property described in the Security Instrument and located at:

2450 EAST DEL MAR BOULEVARD #34, PASADENA, CALIFORNIA 91107
[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND
THE MAXIMUM RATE BORROWER MUST PAY.

THE LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE
ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN
DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT
TIME. YOU WILL, THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF
OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A
LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH,
WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT
MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS
NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN
REFINANCING FROM THE SAME LENDER.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A.   INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of        6.990 %. The Note provides for changes
in the interest rate and the monthly payments, as follows:

**4.   INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   (A)   Change Dates
   The interest rate I will pay may change on the 1st   day of  MARCH, 2009              ,
and on that day every 12th  month thereafter. Each date on which my interest rate could change is called
a "Change Date."

---

06 0387367

Na6mibb rdr.1 tem

**(B)    The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal.* The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C)    Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX AND 375/1000                          percentage points (        6.375 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Amortization Date (described below) at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment. For purposes of calculating monthly payments beginning with the first monthly payment due after the first Change Date and continuing thereafter through the final Change Date, the "Amortization Date" is the date that is    180   months following the Maturity Date.

**(D)    Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than        9.990  % or less than        6.990 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE AND 000/1000                          percentage points (        1.000 %) from the rate of interest I have been paying for the preceding    12    months. My interest rate will never be greater than    12.990 %. My interest rate will never be less than    6.990  %.

**(E)    Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F)    Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B.    TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

---

MULTISTATE ADJUSTABLE RATE BALLOON RIDER--LIBOR SIX-MONTH INDEX       *DocMagic* **eFormns** *800-649-1362*
(AS PUBLISHED IN *THE WALL STREET JOURNAL*)                                                                              *www.docmagic.com*
NON ASSUMABLE  12/21/05                    Page 2 of 3



Na6nhbb rdr 2 tem

If all or any part of the Property or any Interest in the Property is sold or transferred (or
if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred)
without Lender's prior written consent, Lender may require immediate payment in full of all
sums secured by this Security Instrument. However, this option shall not be exercised by
Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The
notice shall provide a period of not less than 30 days from the date the notice is given in
accordance with Section 15 within which Borrower must pay all sums secured by this Security
Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender
may invoke any remedies permitted by this Security Instrument without further notice or
demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this
Adjustable Rate Rider.

_____ (Seal)
STEPHEN R. GOLDEN        -Borrower

_____ (Seal)
KAREN D. GOLDEN          -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

MULTISTATE ADJUSTABLE RATE BALLOON RIDER--LIBOR SIX-MONTH INDEX
(AS PUBLISHED IN *THE WALL STREET JOURNAL*)
NON ASSUMABLE  12/21/05          Page 3 of 3

DocMagic *eForms* 800-649-1362
www.docmagic.com

06 0387367

Nafsmhbb rdr.3.tem

Loan Number: Redacted

# CONDOMINIUM RIDER

THIS CONDOMINIUM RIDER is made this 7th day of FEBRUARY, 2006        ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to OWNIT MORTGAGE SOLUTIONS, INC., A
CALIFORNIA CORPORATION
(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

2450 EAST DEL MAR BOULEVARD #34, PASADENA, CALIFORNIA 91107
[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements of, a
condominium project known as:

2450 DEL MAR
[Name of Condominium Project]

(the "Condominium Project"). If the owners association or other entity which acts for the Condominium
Project (the "Owners Association") holds title to property for the benefit or use of its members or
shareholders, the Property also includes Borrower's interest in the Owners Association and the uses, proceeds
and benefits of Borrower's interest.

**CONDOMINIUM COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A. Condominium Obligations.** Borrower shall perform all of Borrower's obligations under the
Condominium Project's Constituent Documents. The "Constituent Documents" are the: (i) Declaration or
any other document which creates the Condominium Project; (ii) by-laws; (iii) code of regulations; and (iv)
other equivalent documents. Borrower shall promptly pay, when due, all dues and assessments imposed
pursuant to the Constituent Documents.

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted
insurance carrier, a "master" or "blanket" policy on the Condominium Project which is satisfactory to Lender
and which provides insurance coverage in the amounts (including deductible levels), for the periods, and
against loss by fire, hazards included within the term "extended coverage," and any other hazards, including,
but not limited to, earthquakes and floods, from which Lender requires insurance, then: (i) Lender waives
the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for
property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property
insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided
by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

---

MULTISTATE CONDOMINIUM RIDER
Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3140 1/01                    Page 1 of 3

DocMagic *eForms* 800-649-1362
www.docmagic.com



'06 0387367

Us3140 rid 1 tem

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

'06 0387367

Us3140 rid 2 tem

2/22/06

23

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Condominium Rider.

_____ (Seal)
STEPHEN R. GOLDEN            -Borrower

_____ (Seal)
KAREN D. GOLDEN            -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

MULTISTATE CONDOMINIUM RIDER
Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3140 1/01                    Page 3 of 3

DocMagic *eForms* 800-649-1362
www.docmagic.com

06 0387367

Us3140.rid.3.tem

# EXHIBIT 3

**This page is part of your document - DO NOT DISCARD**



## 20101106429



**Pages:
0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/10/10 AT 08:00AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |

Redacted

**SEQ:
10**

**DAR - Title Company (Hard Copy)**
Redacted

**THIS FORM IS NOT TO BE DUPLICATED**          t35

E4447T3

2

*20101106429*

Recording Requested By:
SELECT PORTFOLIO SERVICING, INC.

When Recorded Return To:
BILL KOCH
SELECT PORTFOLIO SERVICING, INC.
3815 SOUTH WEST TEMPLE
SALT LAKE CITY, UT 84115
Redacted   Redacted

Redacted

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Los Angeles, California   SELLER'S SERVICING #: Redacted   "GOLDEN"
INVESTOR #: Redacted
MERS #: Redacted

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. at C/O SELECT PORTFOLIO SERVICING, INC. 3815 SOUTH WEST TEMPLE, SALT LAKE CITY, UT 84115 hereby grants, assigns and tranfers to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE TERWIN MORTGAGE TRUST 2006-7 ASSET-BACKED CERTIFICATES, TMTS SERIES 2006-7 at C/O SELECT PORTFOLIO SERVICING, INC. 3815 SOUTH WEST TEMPLE, SALT LAKE CITY, UT 84115 all beneficial interest under that certain Deed of Trust dated 02/07/2006 , in the amount of $427,500.00, executed by STEPHEN R. GOLDEN AND KAREN D. GOLDEN, HUSBAND AND WIFE AS JOINT TENANTS to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR OWNIT MORTGAGE SOLUTIONS, INC. and Recorded: 02/22/2006 as Instrument No.: 06-0387367 in Los Angeles County , State of Califomia and all rights accrued or to accrue under said Deed of Trust.

In witness whereof this instrument is executed.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
On JUN 3 0 2010

Bill Koch, Assistant Secretary

SEAL — MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. CORPORATE 1999 DELAWARE

STATE OF Utah
COUNTY OF Salt Lake

On JUN 3 0 2010 , before me, SHIRLEY TUITUPOU, a Notary Public in and for Salt Lake in the State of Utah, personally appeared Bill Koch, Assistant Secretary, signing on behalf of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

SHIRLEY TUITUPOU
Notary Expires: 11/12/2012 #576792

SHIRLEY TUITUPOU
Notary Public State of Utah
My Commission Expires on:
November 12, 2012
Comm. Number: 576792
(This area for notarial seal)

Redacted

# EXHIBIT  4

| Fill in this information to identify your case and this filing: | | | |
|---|---|---|---|
| Debtor 1 | **Stephen Golden** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Karen Golden** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |

☐ Check if this is an amended filing

## Official Form 106A/B
## Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.

   ■ Yes. Where is the property?

1.1

**2450 E. Del Mar Blvd., Unit 34**
Street address, if available, or other description

**Pasadena        CA      91107-0000**
City               State     ZIP Code

**Los Angeles**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?
**$670,404.00**

Current value of the portion you own?
**$670,404.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**Fee simple**

■ **Check if this is community property** (see instructions)

---

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.....................................................=>**

**$670,404.00**

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

---

| Debtor 1 | **Stephen Golden** | Case number *(if known)* | |
| Debtor 2 | **Karen Golden** | | |

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| | | | | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
|---|---|---|---|---|---|

3.1  Make: **Toyota**

Model: **Highlander**

Year: **2013**

Approximate mileage: **150,000**

*Other information:*

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property**
(see instructions)

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $13,000.00 | $13,000.00 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...........................................................=>    **$13,000.00**

**Part 3:** Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

| Furniture, TV's and Computers | $2,000.00 |
|---|---|

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes.  Describe.....

| TVs and Compters | $1,000.00 |
|---|---|

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☐ No
■ Yes.  Describe.....

| Books, Pictures, art and cd's | $200.00 |
|---|---|

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
☐ No
■ Yes.  Describe.....

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | Stephen Golden |
|----------|----------------|
| Debtor 2 | Karen Golden |

Case number *(if known)* _____

| Pilates Machine and Sewing Machine | $175.00 |
|---|---|

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ■ No
   ☐ Yes.  Describe.....

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ■ Yes.  Describe.....

| Wearing Appreal | $500.00 |
|---|---|

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ☐ No
   ■ Yes.  Describe.....

| Wedding Rings | $1,500.00 |
|---|---|

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ■ No
   ☐ Yes.  Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ■ No
   ☐ Yes.  Give specific information.....

15.  **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ...................................................................

| $5,375.00 |
|---|

**Part 4:** Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ■ No
   ☐ Yes...............................................................................................

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
   ■ No
   ☐ Yes...................... Institution name:

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ■ No
   ☐ Yes................. Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ■ No

Official Form 106A/B | Schedule A/B: Property | page 3

| Debtor 1 | Stephen Golden | | |
|----------|----------------|---|---|
| Debtor 2 | Karen Golden | Case number *(if known)* | |

☐ **Yes.** Give specific information about them...................
Name of entity:                                                    % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
■ **No**
☐ **Yes.** Give specific information about them
Issuer name:

21. **Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
■ **No**
☐ **Yes.** List each account separately.
Type of account:                        *Institution name:*

22. **Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
■ **No**
☐ **Yes.** ....................                              *Institution name or individual:*

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
■ **No**
☐ **Yes.**.............        Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
■ **No**
☐ **Yes.**.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
■ **No**
☐ **Yes.** Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ **No**
☐ **Yes.** Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
■ **No**
☐ **Yes.** Give specific information about them...

**Money or property owed to you?**                          **Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
■ **No**
☐ **Yes.** Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ **No**
☐ **Yes.** Give specific information......

| Debtor 1 | **Stephen Golden** | | Case number *(if known)* | |
|---|---|---|---|---|
| Debtor 2 | **Karen Golden** | | | |

**30. Other amounts someone owes you**

*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
benefits; unpaid loans you made to someone else

■ No

☐ Yes.  Give specific information..

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No

☐ Yes. Name the insurance company of each policy and list its value.

| | Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|---|

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
someone has died.

■ No

☐ Yes.  Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No

☐ Yes.  Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No

☐ Yes.  Describe each claim.........

**35. Any financial assets you did not already list**

■ No

☐ Yes.  Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
for Part 4. Write that number here.................................................................................................................** | **$0.00** |

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

**37. Do you own or have any legal or equitable interest in any business-related property?**

☐ No. Go to Part 6.

■ Yes.  Go to line 38.

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

**38. Accounts receivable or commissions you already earned**

■ No

☐ Yes.  Describe.....

**39. Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No

■ Yes.  Describe.....

| Computer and Office Supplies | | $5,000.00 |
|---|---|---|

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

■ No

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor 1 | Stephen Golden | Case number *(if known)* | |
|---|---|---|---|
| Debtor 2 | Karen Golden | | |

☐ Yes. Describe.....

**41. Inventory**
■ No
☐ Yes. Describe.....

**42. Interests in partnerships or joint ventures**
■ No
☐ Yes. Give specific information about them....................
              Name of entity:                               % of ownership:

**43. Customer lists, mailing lists, or other compilations**
■ No.
☐ Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

      ■ No
      ☐ Yes. Describe.....

**44. Any business-related property you did not already list**
■ No
☐ Yes. Give specific information.........

**45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here**........................................................................................................

                **$5,000.00**

| Part 6 | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
■ No. Go to Part 7.
☐ Yes. Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

**53. Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
■ No
☐ Yes. Give specific information.........

**54. Add the dollar value of all of your entries from Part 7. Write that number here** .....................................

                **$0.00**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Debtor 1 | **Stephen Golden** | |
|---|---|---|
| Debtor 2 | **Karen Golden** | |

Case number *(if known)* _____

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

| | | | | |
|---|---|---|---|---|
| 55. | **Part 1: Total real estate, line 2** ................................................................... | | | **$670,404.00** |
| 56. | **Part 2: Total vehicles, line 5** | **$13,000.00** | | |
| 57. | **Part 3: Total personal and household items, line 15** | **$5,375.00** | | |
| 58. | **Part 4: Total financial assets, line 36** | **$0.00** | | |
| 59. | **Part 5: Total business-related property, line 45** | **$5,000.00** | | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | | |
| 61. | **Part 7: Total other property not listed, line 54** + | **$0.00** | | |
| 62. | **Total personal property.** Add lines 56 through 61... | **$23,375.00** | Copy personal property total | **$23,375.00** |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | | **$693,779.00** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com               Best Case Bankruptcy

Fill in this information to identify your case:

| Debtor 1 | Stephen Golden | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | Karen Golden | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106D
# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

### Part 1: List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| | | Amount of claim Do not deduct the value of collateral. | Value of collateral that supports this claim | Unsecured portion If any |
| **2.1 Select Portfolio Servicing** Creditor's Name | Describe the property that secures the claim: **2450 E. Del Mar Blvd., Unit 34 Pasadena, CA 91107  Los Angeles County** | $80,000.00 | $670,404.00 | $0.00 |

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

**PO Box 65250**
**Salt Lake City, UT 84165**

Number, Street, City, State & Zip Code

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____     Last 4 digits of account number _____

Add the dollar value of your entries in Column A on this page. Write that number here:   **$80,000.00**

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:   **$80,000.00**

### Part 2: List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

# EXHIBIT  5

PlnDue, Incomplete, DISMISSED, CLOSED

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Bankruptcy Petition #: 2:10-bk-52977-EC

*Date filed:* 10/06/2010
*Date terminated:* 02/07/2011
*Debtor dismissed:* 12/09/2010
*341 meeting:* 11/15/2010

*Assigned to:* Ellen Carroll
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Failure to File
Information

**Debtor**
**Karen Diane Golden**
2450 E Del Mar Unit 34
Pasadena, CA 91107
LOS ANGELES-CA
626-399-8104
SSN / ITIN: xxx-xx-0596
*aka* **Karen Diane Stabe**
*aka* **Karen Golden**
*aka* **Karen D Golden**

represented by **Karen Diane Golden**
PRO SE

**Trustee**
**Kathy A Dockery (TR)**
801 Figueroa Street, Suite 1850
Los Angeles, CA 90017
(213) 996-4400

**U.S. Trustee**
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 10/06/2010 | [1](#)<br>(10 pgs; 3 docs) | Chapter 13 Voluntary Petition . Receipt Number o, Fee Amount $274 Filed by Karen Diane Golden Schedule A due 10/20/2010. Schedule B due 10/20/2010. Schedule C due 10/20/2010. Schedule D due 10/20/2010. Schedule E due 10/20/2010. Schedule F due 10/20/2010. Schedule G due 10/20/2010. Schedule H due 10/20/2010. Schedule I due 10/20/2010. Schedule |

| | | |
|---|---|---|
| | | due 10/20/2010. Statement of Financial Affairs due 10/20/2010. Chapter 13 Plan due by 10/20/2010. Statement - Form 22C Due: 10/20/2010. Notice of available chapters due 10/20/2010. Statement of assistance of non-attorney due 10/20/2010. Summary of schedules due 10/20/2010. Declaration concerning debtors schedules due 10/20/2010. Cert. of Credit Counseling due by 10/20/2010. Statistical Summary due 10/20/2010. Debtor Certification of Employment Income due by 10/20/2010. Section 316 due 11/22/2010. Incomplete Filings due by 10/20/2010. (Ghaltchi, Dina) (Entered: 10/06/2010) |
| 10/06/2010 | [2](2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 11/15/2010 at 04:00 PM at RM 103, 725 S Figueroa St, Los Angeles, CA 90017. Confirmation hearing to be held on 12/16/2010 at 01:30 PM at Crtrm 1639, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 02/14/2011. (Ghaltchi, Dina) (Entered: 10/06/2010) |
| 10/06/2010 | [3] | Statement of Social Security Number(s) Form B21 Filed by Debtor Karen Diane Golden . (Ghaltchi, Dina) (Entered: 10/06/2010) |
| 10/06/2010 | | Receipt of Chapter 13 Filing Fee - $274.00 by 12. Receipt Number 20096112. (admin) (Entered: 10/07/2010) |
| 10/08/2010 | [4](5 pgs) | BNC Certificate of Notice (RE: related document(s)[2] Meeting (AutoAssign Chapter 13)) No. of Notices: 8. Service Date 10/08/2010. (Admin.) (Entered: 10/08/2010) |
| 10/08/2010 | [5](2 pgs) | BNC Certificate of Notice (RE: related document(s)[1] Voluntary Petition (Chapter 13) filed by Debtor Karen Diane Golden) No. of Notices: 1. Service Date 10/08/2010. (Admin.) (Entered: 10/08/2010) |
| 10/08/2010 | [6](2 pgs) | BNC Certificate of Notice (RE: related document(s)[1] Voluntary Petition (Chapter 13) filed by Debtor Karen Diane Golden) No. of Notices: 1. Service Date 10/08/2010. (Admin.) (Entered: 10/08/2010) |
| 10/14/2010 | [7](1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Alan Steven Wolf on behalf of Courtesy NEF. (Wolf, Alan) (Entered: 10/14/2010) |
| 11/01/2010 | [8](3 pgs) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 11/01/2010) |
| 12/09/2010 | [9](6 pgs) | Order Dismissing Case - **Debtor** Dismissed. Signed on 12/9/2010. (Beauchamp, Sonia) (Entered: 12/14/2010) |

| 12/14/2010 | [10](1 pg) | Notice of dismissal (BNC) (Beauchamp, Sonia) (Entered: 12/14/2010) |
|---|---|---|
| 12/16/2010 | [11](2 pgs) | BNC Certificate of Notice (RE: related document(s)[10] Notice of dismissal (BNC)) No. of Notices: 9. Service Date 12/16/2010. (Admin.) (Entered: 12/16/2010) |
| 12/27/2010 | [12](3 pgs) | Chapter 13 Trustee's Final Report and Account . (Dockery (TR), Kathy) CORRECTION: Pdf is blank. Trustee to re-file. Modified on 12/28/2010 (Beauchamp, Sonia). (Entered: 12/27/2010) |
| 12/27/2010 | [13](1 pg) | Proof of service Filed by (RE: related document(s)[12] Chapter 13 Trustee's Final Report and Account (batch)). (Dockery (TR), Kathy) (Entered: 12/27/2010) |
| 01/06/2011 | [14](1 pg) | ORDER discharging chapter 13 panel trustee and exonerate bond liability Signed on 1/6/2011. (Queen, Sandra) (Entered: 01/06/2011) |
| 01/10/2011 | [15](2 pgs; 2 docs) | Transfer of Claim(s) Transferor: Chase Bank USA, N.A. (Claim No.2.); To eCAST Settlement Corporation Filed by Becket 2,Alane. (Becket 2,Alane) (Entered: 01/10/2011) |
| 01/12/2011 | [16](2 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)[15] Transfer of Claim) No. of Notices: 1. Service Date 01/12/2011. (Admin.) (Entered: 01/12/2011) |
| 02/07/2011 | [17](1 pg) | Bankruptcy Case Closed - DISMISSED (Queen, Sandra) (Entered: 02/07/2011) |

## PACER Service Center

### Transaction Receipt

#### 02/15/2019 10:42:28

| PACER Login: | Pacerwolf:2558381:4814562 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:10-bk-52977-EC Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 2 | Cost: | 0.20 |

# EXHIBIT  6

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Bankruptcy Petition #: 2:11-bk-40840-SK

*Date filed:* 07/19/2011
*Date terminated:* 01/25/2012
*Debtor dismissed:* 11/07/2011
*341 meeting:* 08/26/2011

*Assigned to:* Sandra R. Klein
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Other Reason

**Debtor**
**Karen D Golden**
2450 E Del Mar #34
Pasadena, CA 91107
LOS ANGELES-CA
626-403-9445
SSN / ITIN: xxx-xx-0596

represented by **Karen D Golden**
PRO SE

**Trustee**
**Kathy A Dockery (TR)**
801 Figueroa Street, Suite 1850
Los Angeles, CA 90017
(213) 996-4400

**U.S. Trustee**
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 07/19/2011 | 1<br>(6 pgs; 3 docs) | Chapter 13 Voluntary Petition . Receipt Number O, Fee Amount $274 Filed by Karen D Golden Schedule A due 8/2/2011. Schedule B due 8/2/2011. Schedule C due 8/2/2011. Schedule D due 8/2/2011. Schedule E due 8/2/2011. Schedule F due 8/2/2011. Schedule G due 8/2/2011. Schedule H due 8/2/2011. Schedule I due 8/2/2011. Schedule J due 8/2/2011. Statement of Financial Affairs due 8/2/2011. Chapter 13 Plan due by 8/2/2011. Statement - Form 22C Due: 8/2/2011.Statement of Related Case due 8/2/2011. Notice of available chapters due 8/2/2011. Statement of assistance of non-attorney due 8/2/2011. Verification of creditor |

| | | |
|---|---|---|
| | | matrix due 8/2/2011. Summary of schedules due 8/2/2011. Declaration concerning debtors schedules due 8/2/2011. Cert. of Credit Counseling due by 8/2/2011. Statistical Summary due 8/2/2011. Exhibit D due 8/2/2011. Debtor Certification of Employment Income due by 8/2/2011. Incomplete Filings due by 8/2/2011. (Gae, Hannah) (Entered: 07/19/2011) |
| 07/19/2011 | [2](#) (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 08/26/2011 at 01:00 PM at RM 103, 725 S Figueroa St, Los Angeles, CA 90017. Confirmation hearing to be held on 11/03/2011 at 10:00 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 11/25/2011. (Gae, Hannah) (Entered: 07/19/2011) |
| 07/19/2011 | [3](#) | Statement of Social Security Number(s) Form B21 Filed by Debtor Karen D Golden . (Gae, Hannah) (Entered: 07/19/2011) |
| 07/19/2011 | | Receipt of Chapter 13 Filing Fee - $274.00 by 18. Receipt Number 20120016. (admin) (Entered: 07/20/2011) |
| 07/21/2011 | [4](#) (5 pgs) | BNC Certificate of Notice (RE: related document(s)[2](#) Meeting (AutoAssign Chapter 13)) No. of Notices: 4. Service Date 07/21/2011. (Admin.) (Entered: 07/21/2011) |
| 07/21/2011 | [5](#) (2 pgs) | BNC Certificate of Notice (RE: related document(s)[1](#) Voluntary Petition (Chapter 13) filed by Debtor Karen D Golden) No. of Notices: 1. Service Date 07/21/2011. (Admin.) (Entered: 07/21/2011) |
| 07/21/2011 | [6](#) (2 pgs) | BNC Certificate of Notice (RE: related document(s)[1](#) Voluntary Petition (Chapter 13) filed by Debtor Karen D Golden) No. of Notices: 1. Service Date 07/21/2011. (Admin.) (Entered: 07/21/2011) |
| 07/28/2011 | [7](#) (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Daniel K Fujimoto on behalf of Courtesy NEF. (Fujimoto, Daniel) (Entered: 07/28/2011) |
| 08/02/2011 | [8](#) (43 pgs) | Summary of Schedules , Statistical Summary of Certain Liabilities, Statement of related cases , Notice of available chapters (SIGNATURE MISSING), Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Declaration concerning debtor's schedules , Statement of Financial Affairs , Exhibit D , Chapter 13 Statement of Current Monthly and Disposable Income Filed by Debtor Karen D Golden (RE: related document(s)[1](#) Voluntary Petition (Chapter 13)). (Fentroy, Rita) CORRECTION: Statement of Financial |

| | | |
|---|---|---|
| | | Affairs missing signature. Modified on 8/4/2011 (Kim, Ji Yun). (Entered: 08/03/2011) |
| 08/02/2011 | [9](#)<br>(7 pgs) | Chapter 13 Plan Filed by Debtor Karen D Golden (RE: related document(s)[1](#) Chapter 13 Voluntary Petition . Receipt Number O, Fee Amount $274 Filed by Karen D Golden Schedule A due 8/2/2011. Schedule B due 8/2/2011. Schedule C due 8/2/2011. Schedule D due 8/2/2011. Schedule E due 8/2/2011. Schedule F due 8/2/2011. Schedule G due 8/2/2011. Schedule H due 8/2/2011. Schedule I due 8/2/2011. Schedule J due 8/2/2011. Statement of Financial Affairs due 8/2/2011. Chapter 13 Plan due by 8/2/2011. Statement - Form 22C Due: 8/2/2011.Statement of Related Case due 8/2/2011. Notice of available chapters due 8/2/2011. Statement of assistance of non-attorney due 8/2/2011. Verification of creditor matrix due 8/2/2011. Summary of schedules due 8/2/2011. Declaration concerning debtors schedules due 8/2/2011. Cert. of Credit Counseling due by 8/2/2011. Statistical Summary due 8/2/2011. Exhibit D due 8/2/2011. Debtor Certification of Employment Income due by 8/2/2011. Incomplete Filings due by 8/2/2011.). (Fentroy, Rita) (Entered: 08/03/2011) |
| 08/02/2011 | [10](#)<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Karen D Golden (RE: related document(s)[1](#) Voluntary Petition (Chapter 13)). (Fentroy, Rita) (Entered: 08/03/2011) |
| 08/02/2011 | [11](#)<br>(5 pgs) | Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence Filed by Debtor Karen D Golden . (Fentroy, Rita) (Entered: 08/03/2011) |
| 08/15/2011 | [12](#)<br>(9 pgs; 2 docs) | Objection to Confirmation of Plan Filed by Creditor U.S. Bank National Association, as trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-7 Asset-Backed Certificates, TMTS Series 2006-7 (RE: related document(s)[9](#) Chapter 13 Plan Filed by Debtor Karen D Golden). (Attachments: [1](#) Proof of Service) (Fujimoto, Daniel) (Entered: 08/15/2011) |
| 08/15/2011 | [13](#)<br>(3 pgs) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 08/15/2011) |
| 09/09/2011 | [14](#)<br>(52 pgs; 3 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2450 East Del Mar Boulevard #34, Pasadena, CA 91107 . Fee Amount $150, Filed by Creditor U.S. Bank National Association, as trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-7 Asset-Backed Certificates, TMTS Series 2006-7 (Attachments: [1](#) Exhibits[2](#) Proof of Service) (Bruso, Patrick) (Entered: 09/09/2011) |

| | | |
|---|---|---|
| 09/09/2011 | | Receipt of Motion for Relief from Stay - Real Property(2:11-bk-40840-SK) [motion,nmrp] ( 150.00) Filing Fee. Receipt number 22385622. Fee amount 150.00. (U.S. Treasury) (Entered: 09/09/2011) |
| 09/12/2011 | | Hearing Set (RE: related document(s)14 Motion for Relief from Stay - Real Property filed by Creditor U.S. Bank National Association, as trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-7 Asset-Backed Certificates, TMTS Series 2006-7) The Hearing date is set for 10/5/2011 at 08:30 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sandra R. Klein (Bakchellian, Mary) (Entered: 09/12/2011) |
| 09/21/2011 | 15 (12 pgs) | Opposition to (related document(s): 14 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2450 East Del Mar Boulevard #34, Pasadena, CA 91107 . Fee Amount $150, filed by Creditor U.S. Bank National Association, as trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-7 Asset-Backed Certificates, TMTS Series 2006-7) Filed by Debtor Karen D Golden (Tatum, Shafari) (Entered: 09/22/2011) |
| 09/28/2011 | 16 (4 pgs; 2 docs) | Reply to (related document(s): 15 Opposition filed by Debtor Karen D Golden) Filed by Creditor U.S. Bank National Association, as trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-7 Asset-Backed Certificates, TMTS Series 2006-7 (Attachments: 1 Proof of Service) (Bruso, Patrick) (Entered: 09/28/2011) |
| 10/03/2011 | 17 (3 pgs) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 10/03/2011) |
| 10/26/2011 | 18 (5 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 14 ) Signed on 10/26/2011 (Carranza, Shemainee) (Entered: 10/26/2011) |
| 10/28/2011 | 19 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 18 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 10/28/2011. (Admin.) (Entered: 10/28/2011) |
| 11/07/2011 | 20 (1 pg) | ORDER and Notice of dismissal arising from chapter 13 confirmation hearing (11 U.S.C. Section 109(g))(BNC) - **Debtor** Dismissed Barred Debtor Golden, Karen D starting 11/7/2011 to 5/5/2012 (RE: related document(s)2 Meeting (AutoAssign Chapter 13)) (May, Thais D.) (Entered: 11/07/2011) |

| 11/09/2011 | [21](3 pgs) | BNC Certificate of Notice (RE: related document(s) [20] ORDER and Notice of Dismissal arising from Ch 13 Conf. Hrg. (11 U.S.C. Section 109(g)) (BNC) No. of Notices: 5. Notice Date 11/09/2011. (Admin.) (Entered: 11/09/2011) |
| 11/18/2011 | [22](4 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Dockery (TR), Kathy) (Entered: 11/18/2011) |
| 01/12/2012 | [23](1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by. (Dockery (TR), Kathy) (Entered: 01/12/2012) |
| 01/12/2012 | [24](3 pgs) | Chapter 13 Trustee's Final Report and Account . (Dockery (TR), Kathy) (Entered: 01/12/2012) |
| 01/12/2012 | [25](1 pg) | Proof of service Filed by (RE: related document(s)[24] Chapter 13 Trustee's Final Report and Account (batch)). (Dockery (TR), Kathy) (Entered: 01/12/2012) |
| 01/24/2012 | [26](1 pg) | ORDER discharging chapter 13 panel trustee and exonerate bond liability Signed on 1/24/2012. (Carranza, Shemainee) (Entered: 01/24/2012) |
| 01/25/2012 | [27](1 pg) | Bankruptcy Case Closed - DISMISSED (Vandensteen, Nancy) (Entered: 01/25/2012) |

### PACER Service Center

#### Transaction Receipt

| 02/15/2019 10:48:19 | | |
|---|---|---|
| **PACER Login:** | Pacerwolf:2558381:4814562 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-bk-40840-SK Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT  7

2/15/2019     Case 2:19-bk-10489-BR   Doc 32-1  Filed 04/09/19  Entered 04/09/19 09:31:43   Desc
CM/ECF - U.S. Bankruptcy Court (NG 1.5.1 - LIVE)
Exhibit 1-10  Page 58 of 83

DISMISSED, CLOSED, PlnDue, DsclsDue, Incomplete

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Bankruptcy Petition #: 2:17-bk-14650-SK

|  |  |
|---|---|
| *Assigned to:* Sandra R. Klein | *Date filed:* 04/16/2017 |
| Chapter 11 | *Date terminated:* 05/31/2017 |
| Voluntary | *Debtor dismissed:* 04/27/2017 |
| Asset | *341 meeting:* 05/22/2017 |
|  | *Deadline for objecting to discharge:* 07/21/2017 |

*Debtor disposition:* Dismissed for Failure to File Information

| **Debtor** | |
|---|---|
| **Stephen Rawleigh Golden** | represented by **Stephen R Golden** |
| 2450 East Del Mar Blvd | Law Office of Stephen R. Golden |
| Unit 34 | 127 N. Madison Ave., Ste 101B |
| Pasadena, CA 91107 | Pasadena, CA 91101 |
| LOS ANGELES-CA | 626-584-7800 |
| 626-584-7800 | Fax : 626-795-5940 |
| SSN / ITIN: xxx-xx-2314 | Email: karen@stephengoldenlaw.com |
| Tax ID / EIN: 95-4680497 | |
| *aka* Stephen Golden | |
| *aka* Stephen R Golden | |
| *dba* Stephen R Golden & Associates | |

| **U.S. Trustee** | |
|---|---|
| **United States Trustee (LA)** | represented by **Dare Law** |
| 915 Wilshire Blvd, Suite 1850 | Office of the United States Trustee |
| Los Angeles, CA 90017 | 915 Wilshire Blvd. |
| (213) 894-6811 | Suite 1850 |
|  | Los Angeles, CA 90017 |
|  | 213-894-4925 |
|  | Fax : 213-894-2603 |
|  | Email: dare.law@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 04/16/2017 | 1<br>(16 pgs; 3 docs) | Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1717 Filed by Stephen Rawleigh Golden List of Equity Security Holders due 05/1/2017. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 05/1/2017. Schedule A/B: Property (Form 106A/B or 206A/B) due 05/1/2017. Schedule C: The Property You Claim as Exempt (Form 106C) due 05/1/2017. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or |

| | | |
|---|---|---|
| | | 106D) due 05/1/2017. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 05/1/2017. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 05/1/2017. Schedule H: Your Codebtors (Form 106H or 206H) due 05/1/2017. Schedule I: Your Income (Form 106I) due 05/1/2017. Schedule J: Your Expenses (Form 106J) due 05/1/2017. Declaration About an Individual Debtors Schedules (Form 106Dec) due 05/1/2017. Declaration Under Penalty of Perjury for Non-Individual Debtors (Form 202) due 05/1/2017. Statement of Financial Affairs (Form 107 or 207) due 05/1/2017. Chapter 11 Statement of Your Current Monthly Income (Form 122B) Due: 05/1/2017. Corporate Resolution Authorizing Filing of Petition due 05/1/2017. Corporate Ownership Statement (LBR Form F1007-4) due by 05/1/2017. Statement of Related Cases (LBR Form F1015-2) due 05/1/2017. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 05/1/2017. Incomplete Filings due by 05/1/2017. (Golden, Stephen) Additional attachment(s) added on 4/17/2017 (Ly, Lynn). (Entered: 04/16/2017) |
| 04/16/2017 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Stephen Rawleigh Golden. (Golden, Stephen) (Entered: 04/16/2017) |
| 04/16/2017 | 5 | Debtor's Request to Activate Electronic Noticing (DeBN) Filed by Debtor Stephen Rawleigh Golden . (Ly, Lynn) (Entered: 04/17/2017) |
| 04/17/2017 | 3 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hopson, Stirling. (Hopson, Stirling) (Entered: 04/17/2017) |
| 04/17/2017 | 4 (1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (Walter, Earnestine). Case is deficient for For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims Against You and Are Not Insiders (Official Form 104), or Chapter 11 or 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims Against You and Are Not Insiders (Official Form 204) [FRBP 1007(d); LBR 10021] due by 4/20/2017. Modified on 4/17/2017 (Ly, Lynn). (Entered: 04/17/2017) |
| 04/17/2017 | 6 | Notice to Filer of Error and/or Deficient Document **Document filed without holographic signature. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)5 Debtor's Request to Activate Electronic Noticing (DeBN) filed by |

| | | Debtor Stephen Rawleigh Golden) (Gomez, Andrea) (Entered: 04/17/2017) |
|---|---|---|
| 04/18/2017 | | Receipt of Voluntary Petition (Chapter 11)(2:17-bk-14650) [misc,volp11] (1717.00) Filing Fee. Receipt number 44646998. Fee amount 1717.00. (re: Doc# 1) (U.S. Treasury) (Entered: 04/18/2017) |
| 04/19/2017 | 7 (4 pgs) | Request for special notice Filed by Creditor U.S. Bank National Association, as trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-7 Asset-Backed Certificates, TMTS Series 2006-7. (Raftery, Kelly) (Entered: 04/19/2017) |
| 04/19/2017 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Stephen Rawleigh Golden) No. of Notices: 1. Notice Date 04/19/2017. (Admin.) (Entered: 04/19/2017) |
| 04/19/2017 | 9 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Stephen Rawleigh Golden) No. of Notices: 1. Notice Date 04/19/2017. (Admin.) (Entered: 04/19/2017) |
| 04/19/2017 | 10 (2 pgs) | BNC Certificate of Notice (RE: related document(s)4 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 04/19/2017. (Admin.) (Entered: 04/19/2017) |
| 04/20/2017 | 11 | Notice to Filer: The filer is instructed to pay the filing fee of $1,717.00 at the Los Angeles Division, Intake Department, in the form of cash, US Postal Money Order or Cashiers Check. In order to get a refund of the filing fees paid electronically, the debtor may send an email or submit a letter to the Help Desk. You may continue to file documents electronically on this case that do not require a filing fee. If the document requires a filing fee, you must file the document at the Intake window of the Clerk's Office. **Other:All required documents submitted to the Clerk's Office must have holographic or original signature(s) of Debtor(s). -** (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Stephen Rawleigh Golden) (Ly, Lynn) (Entered: 04/20/2017) |
| 04/21/2017 | 13 (37 pgs) | Notice of motion and motion for relief from the automatic stay with supporting declarations UNLAWFUL DETAINER RE: 600 N. Rosemead Blvd., Suites 100-108, 125-130 and 130A, Pasadena, CA 91107, *with Exhibits 1-2-3- and POS*. Fee Amount $181, Filed by Creditor Star Horizons, LLC (Hopson, Stirling) (Entered: 04/21/2017) |

| | | |
|---|---|---|
| 04/21/2017 | | Receipt of Motion for Relief from Stay - Unlawful Detainer(2:17-bk-14650-SK) [motion,nmud] ( 181.00) Filing Fee. Receipt number 44675722. Fee amount 181.00. (re: Doc# 13) (U.S. Treasury) (Entered: 04/21/2017) |
| 04/21/2017 | 14 | Hearing Set (RE: related document(s)13 Motion for Relief from Stay - Unlawful Detainer filed by Creditor Star Horizons, LLC) The Hearing date is set for 5/17/2017 at 08:30 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sandra R. Klein (May, Thais D.) (Entered: 04/21/2017) |
| 04/26/2017 | 16 (3 pgs) | Meeting of Creditors 341(a) meeting to be held on 5/22/2017 at 09:00 AM at RM 7, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. Last day to oppose discharge or dischargeability is 7/21/2017. (Ventura, Olivia) (Entered: 04/26/2017) |
| 04/27/2017 | 17 (1 pg) | ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Documents Within 72 Hours - **Debtor** Dismissed.(BNC) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Stephen Rawleigh Golden, 4 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC), 16 Meeting of Creditors Chapter 11 & 12) (Ly, Lynn) (Entered: 04/27/2017) |
| 04/28/2017 | 18 (4 pgs) | BNC Certificate of Notice (RE: related document(s)16 Meeting of Creditors Chapter 11 & 12) No. of Notices: 6. Notice Date 04/28/2017. (Admin.) (Entered: 04/28/2017) |
| 04/29/2017 | 19 (2 pgs) | BNC Certificate of Notice (RE: related document(s)17 ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Doc Within 72 Hrs(BNC)) No. of Notices: 7. Notice Date 04/29/2017. (Admin.) (Entered: 04/29/2017) |
| 05/17/2017 | 20 (6 pgs) | Notice of lodgment *with POS, and exhibit A,* Filed by Creditor Star Horizons, LLC (RE: related document(s)13 Notice of motion and motion for relief from the automatic stay with supporting declarations UNLAWFUL DETAINER RE: 600 N. Rosemead Blvd., Suites 100-108, 125-130 and 130A, Pasadena, CA 91107, *with Exhibits 1-2-3- and POS.* Fee Amount $181, Filed by Creditor Star Horizons, LLC). (Hopson, Stirling) (Entered: 05/17/2017) |
| 05/17/2017 | 21 (3 pgs) | Order Granting Motion for relief from stay UNLAWFUL DETAINER (BNC-PDF) (Related Doc # 13 ) Signed on 5/17/2017 (May, Thais D.) (Entered: 05/17/2017) |
| 05/19/2017 | 22 | BNC Certificate of Notice - PDF Document. (RE: related |

| | | |
|---|---|---|
| | (4 pgs) | document(s)9 Motion for relief from stay UNLAWFUL DETAINER (BNC-PDF)) No. of Notices: 1. Notice Date 05/19/2017. (Admin.) (Entered: 05/19/2017) |
| 05/31/2017 | 23 | Bankruptcy Case Closed - DISMISSED. An Order dismissing the above referenced case was entered and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the case is closed. (RE: related document(s)13 Motion for Relief from Stay - Unlawful Detainer filed by Creditor Star Horizons, LLC) (May, Thais D.) (Entered: 05/31/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/15/2019 10:51:50 | | | |
| **PACER Login:** | Pacerwolf:2558381:4814562 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:17-bk-14650-SK Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT  8

**Repeat-cacb, PlnDue, Incomplete, RepeatPACER, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Bankruptcy Petition #: 2:18-bk-18583-VZ

|  |  |
|---|---|
| | *Date filed:* 07/26/2018 |
| *Assigned to:* Vincent P. Zurzolo | *Date terminated:* 08/28/2018 |
| Chapter 13 | *Debtor dismissed:* 08/07/2018 |
| Voluntary | *341 meeting:* 08/30/2018 |
| Asset | |

*Debtor disposition:* Dismissed for Failure to File
Information

| | |
|---|---|
| **Debtor** | represented by **Stephen Rawliegh Golden** |
| **Stephen Rawliegh Golden** | PRO SE |
| 2450 East Del Mar Blvd | |
| Unit 34 | **Sara E Razavi** |
| Pasadena, CA 91107 | Law Offices of Sara E. Razavi |
| LOS ANGELES-CA | 28222 driza |
| 626-584-7800 | mission viejo, CA 92692 |
| SSN / ITIN: xxx-xx-2314 | 949-683-5525 |
| | Email: srbklaw@gmail.com |
| | *TERMINATED: 07/30/2018* |

**Trustee**
**Nancy K Curry (TR)**
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017
213-689-3014

**U.S. Trustee**
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 07/26/2018 | [1](#)<br>(8 pgs) | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Stephen Rawleigh Golden (Razavi, Sara) Warning: See docket entry nos. 4 thru 7 for corrective actions. Case is deficient for: Master Mailing List of Creditors due by 7/30/2018. Attorney address information was not provided on Chapter 13 Voluntary Petition. Attorney to refile Voluntary Petition (Pages 1 thru 7) using the event code Addendum to Vol Pet]. due 8/9/2018. Cert. of |

| | | |
|---|---|---|
| | | Credit Counseling due by 8/9/2018. Statement of Related Cases (LBR Form F1015-2) due 8/9/2018. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 8/9/2018. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 8/9/2018. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 8/9/2018. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 8/9/2018. Schedule A/B: Property (Form 106A/B or 206A/B) due 8/9/2018. Schedule C: The Property You Claim as Exempt (Form 106C) due 8/9/2018. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 8/9/2018. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 8/9/2018. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 8/9/2018. Schedule H: Your Codebtors (Form 106H or 206H) due 8/9/2018. Schedule I: Your Income (Form 106I) due 8/9/2018. Schedule J: Your Expenses (Form 106J) due 8/9/2018. Declaration About an Individual Debtors Schedules (Form 106Dec) due 8/9/2018. Statement of Financial Affairs (Form 107 or 207) due 8/9/2018. Chapter 13 Plan (LBR F3015-1) due by 8/9/2018. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 8/9/2018. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 8/9/2018. Modified on 7/26/2018 (Pennington-Jones, Patricia). (Entered: 07/26/2018) |
| 07/26/2018 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Stephen Rawleigh Golden. (Razavi, Sara) (Entered: 07/26/2018) |
| 07/26/2018 | 3 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 08/30/2018 at 09:00 AM at RM 1, 915 Wilshire Blvd., 10th Floor, , Los Angeles, CA 90017. Confirmation hearing to be held on 11/18/2019 at 09:00 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 10/04/2018. (Razavi, Sara) (Entered: 07/26/2018) |
| 07/26/2018 | 4 (1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (Pennington-Jones, Patricia). Case also deficient for Master Mailing List of Creditors which must include the name, mailing address, and zip code of each creditor listed in Schedules D, and E/F [FRBP 1007; LBR10071(a)] due by 7/30/2018. Modified on 7/27/2018 (Ly, Lynn). (Entered: 07/26/2018) |
| 07/26/2018 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Stephen Rawliegh Golden) Cert. of Credit Counseling due by 8/9/2018. Statement of Related Cases (LBR Form F1015-2) due 8/9/2018. Attorney Disclosure of Compensation Arrangement in Individual Chapter 7 Case (LBR Form F2090-1) due 8/9/2018. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 8/9/2018. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 8/9/2018. Verification of Master Mailing List of |

| | | Creditors (LBR Form F1007-1) due 8/9/2018. Incomplete Filings due by 8/9/2018. (Pennington-Jones, Patricia) (Entered: 07/26/2018) |
|---|---|---|
| 07/26/2018 | | Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Stephen Rawliegh Golden) Summary of Assets and Liabilities (Form 106Sum or 206Sum ) 8/9/2018. Schedule A/B: Property (Form 106A/B or 206A/B) due 8/9/2018. Schedule C: The Property You Claim as Exempt (Form 106C) due 8/9/2018. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 8/9/2018. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 8/9/2018. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 8/9/2018. Schedule H: Your Codebtors (Form 106H or 206H) due 8/9/2018. Schedule I: Your Income (Form 106I) due 8/9/2018. Schedule J: Your Expenses (Form 106J) due 8/9/2018. Declaration About an Individual Debtors Schedules (Form 106Dec) due 8/9/2018. Statement of Financial Affairs (Form 107 or 207) due 8/9/2018. Chapter 13 Plan (LBR F3015-1) due by 8/9/2018. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 8/9/2018. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 8/9/2018. (Pennington-Jones, Patricia) (Entered: 07/26/2018) |
| 07/26/2018 | 5 (1 pg) | Case Commencement Deficiency Notice (BNC) Re: Attorney address information was not provided on Chapter 13 Voluntary Petition Individual. Attorney to refile Voluntary Petition (Pages 1 thru 7) using the event code Addendum to Vol Pet], Cert. of Credit Counseling, Statement of Related Cases (LBR Form F1015-2), Disclosure of Compensation of Attorney for Debtor (Form 2030), Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1), and Verification of Master Mailing List of Creditors (LBR Form F1007-1) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Stephen Rawliegh Golden) (Pennington-Jones, Patricia) (Entered: 07/26/2018) |
| 07/26/2018 | 6 (1 pg) | ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Stephen Rawliegh Golden) (Pennington-Jones, Patricia) (Entered: 07/26/2018) |
| 07/26/2018 | 7 | Notice to Filer of Error and/or Deficient Document **Petition was filed as complete, but schedules or statements are deficient Re: Attorney address information was not provided on Chapter 13 Voluntary Petition. Attorney to refile Voluntary Petition (Pages 1 thru 7) using the event code Addendum to Vol Pet]. due 8/9/2018. Cert. of Credit Counseling due by 8/9/2018. Statement of Related Cases (LBR Form F1015-2) due 8/9/2018. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 8/9/2018. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of** |

| | | |
|---|---|---|
| | | **the Petition Date (LBR Form F1002-1)** due by 8/9/2018. **Verification of Master Mailing List of Creditors (LBR Form F1007-1)** due 8/9/2018. **Summary of Assets and Liabilities (Form 106Sum or 206Sum )** due 8/9/2018. **Schedule A/B: Property (Form 106A/B or 206A/B)** due 8/9/2018. **Schedule C: The Property You Claim as Exempt (Form 106C)** due 8/9/2018. **Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D)** due 8/9/2018. **Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F)** due 8/9/2018. **Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G)** due 8/9/2018. **Schedule H: Your Codebtors (Form 106H or 206H)** due 8/9/2018. **Schedule I: Your Income (Form 106I)** due 8/9/2018. **Schedule J: Your Expenses (Form 106J)** due 8/9/2018. **Declaration About an Individual Debtors Schedules (Form 106Dec)** due 8/9/2018. **Statement of Financial Affairs (Form 107 or 207)** due 8/9/2018. **Chapter 13 Plan (LBR F3015-1)** due by 8/9/2018. **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due:** 8/9/2018. **Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due:** 8/9/2018. **When filing Voluntary Petition (Pages 1 thru 7), please select Bankruptcy > Bk-Other > then select Addendum to Vol Pet. As well as the assigned event code associated with each deficient document(s). THE FILER IS INSTRUCTED TO FILE THE DEFICIENT DOCUMENTS.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Stephen Rawliegh Golden) (Pennington-Jones, Patricia) (Entered: 07/26/2018) |
| 07/27/2018 | | Notice of Debtor's Prior Filings for debtor Stephen Rawliegh Golden Case Number 01-21280, Chapter 7 filed in California Central Bankruptcy on 04/12/2001 , Standard Discharge on 07/23/2001; Case Number 17-14650, Chapter 11 filed in California Central Bankruptcy on 04/16/2017 , Dismissed for Failure to File Information on 04/27/2017.(Admin) (Entered: 07/27/2018) |
| 07/27/2018 | | Receipt of Voluntary Petition (Chapter 13)(2:18-bk-18583) [misc,volp13] ( 310.00) Filing Fee. Receipt number 47427342. Fee amount 310.00. (re: Doc# 1) (U.S. Treasury) (Entered: 07/27/2018) |
| 07/27/2018 | 8 (2 pgs) | Substitution of attorney Filed by Debtor Stephen Rawliegh Golden. (Razavi, Sara) WARNING: Requires the debtors signature; attorney must refiled the document with the proper signature; Modified on 7/27/2018 (Garcia, Elaine L.). (Entered: 07/27/2018) |
| 07/27/2018 | 9 | Notice to Filer of Error and/or Deficient Document **Other - Missing the debtor's signature, attorney must refile with the proper signature;** (RE: related document(s)8 Substitution of attorney filed by Debtor Stephen Rawliegh Golden) (Garcia, Elaine L.) (Entered: 07/27/2018) |
| 07/28/2018 | 10 (4 pgs) | BNC Certificate of Notice (RE: related document(s)3 Meeting (AutoAssign Chapter 13)) No. of Notices: 4. Notice Date 07/28/2018. (Admin.) |

2/15/2019   CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)

Case 2:19-bk-10489-BR   Doc 32-1   Filed 04/09/19   Entered 04/09/19 09:31:43   Desc
Exhibit 1-10   Page 68 of 83
(Entered: 07/28/2018)

| | | |
|---|---|---|
| 07/28/2018 | [11](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[5](#) Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 07/28/2018. (Admin.) (Entered: 07/28/2018) |
| 07/28/2018 | [12](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[6](#) ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (Ch 7/13) (BNC)) No. of Notices: 1. Notice Date 07/28/2018. (Admin.) (Entered: 07/28/2018) |
| 07/28/2018 | [13](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[4](#) Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 07/28/2018. (Admin.) (Entered: 07/28/2018) |
| 07/30/2018 | [14](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Fujimoto, Daniel. (Fujimoto, Daniel) (Entered: 07/30/2018) |
| 07/30/2018 | [15](#)<br>(2 pgs) | Substitution of attorney *refiled* Filed by Debtor Stephen Rawliegh Golden. (Razavi, Sara) (Entered: 07/30/2018) |
| 08/01/2018 | [16](#)<br>(2 pgs) | Chapter 13 Trustee's Notice of Requirements *with proof of service*. (Curry (TR), Nancy) (Entered: 08/01/2018) |
| 08/07/2018 | [17](#)<br>(1 pg) | ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Documents Within 72 Hours - **Debtor** Dismissed.(BNC) (RE: related document(s)[1](#) Voluntary Petition (Chapter 13) filed by Debtor Stephen Rawliegh Golden, [3](#) Meeting (AutoAssign Chapter 13), [4](#) Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) (Ly, Lynn) (Entered: 08/07/2018) |
| 08/09/2018 | [18](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[17](#) ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Doc Within 72 Hrs(BNC)) No. of Notices: 4. Notice Date 08/09/2018. (Admin.) (Entered: 08/09/2018) |
| 08/16/2018 | [19](#)<br>(4 pgs) | Chapter 13 Trustee's Final Report and Account . (Curry (TR), Nancy) (Entered: 08/16/2018) |
| 08/28/2018 | 20 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Ly, Lynn) (Entered: 08/28/2018) |

| PACER Service Center | | | | |
|---|---|---|---|---|
| **Transaction Receipt** | | | | |
| 02/15/2019 10:53:35 | | | | |
| **PACER Login:** | Pacerwolf:2558381:4814562 | **Client Code:** | | |
| **Description:** | Docket Report | **Search Criteria:** | | 2:18-bk-18583-VZ Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | | 0.40 |

# EXHIBIT  9

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Bankruptcy Petition #: 2:18-bk-20152-VZ

|  |  |
|---|---|
|  | *Date filed:* 08/31/2018 |
| *Assigned to:* Vincent P. Zurzolo | *Date terminated:* 11/02/2018 |
| Chapter 13 | *Debtor dismissed:* 09/19/2018 |
| Voluntary | *341 meeting:* 10/04/2018 |
| Asset |  |

*Debtor disposition:* Dismissed for Failure to File
Information

| | |
|---|---|
| **Debtor** | represented by **Stephen R Golden** |
| **Stephen Rawliegh Golden** | Law Office of Stephen R. Golden |
| 2450 East Del Mar Blvd | 127 N. Madison Ave., Ste 101B |
| Unit 34 | Pasadena, CA 91101 |
| Pasadena, CA 91107 | 626-584-7800 |
| LOS ANGELES-CA | Fax : 626-795-5940 |
| 626-584-7800 | Email: karen@stephengoldenlaw.com |
| SSN / ITIN: xxx-xx-2314 | |
| *aka* Stephen R. Golden | |

**Trustee**
**Nancy K Curry (TR)**
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017
213-689-3014

**U.S. Trustee**
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| **Filing Date** | **#** | **Docket Text** |
|---|---|---|
| 08/31/2018 | 1<br>(12 pgs; 3 docs) | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Stephen Rawliegh Golden Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 09/14/2018. Schedule A/B: Property (Form 106A/B or 206A/B) due 09/14/2018. Schedule C: The Property You Claim as Exempt (Form 106C) due 09/14/2018. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 09/14/2018. Schedule E/F: Creditors |

| | | Who Have Unsecured Claims (Form 106E/F or 206E/F) due 09/14/2018. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 09/14/2018. Schedule H: Your Codebtors (Form 106H or 206H) due 09/14/2018. Schedule I: Your Income (Form 106I) due 09/14/2018. Schedule J: Your Expenses (Form 106J) due 09/14/2018. Declaration About an Individual Debtors Schedules (Form 106Dec) due 09/14/2018. Statement of Financial Affairs (Form 107 or 207) due 09/14/2018. Chapter 13 Plan (LBR F3015-1) due by 09/14/2018. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 09/14/2018. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 09/14/2018. Cert. of Credit Counseling due by 09/14/2018. Statement of Related Cases (LBR Form F1015-2) due 09/14/2018. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 09/14/2018. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 09/14/2018. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 09/14/2018. Incomplete Filings due by 09/14/2018. (Golden, Stephen) (Entered: 08/31/2018) |
|---|---|---|
| 09/01/2018 | 2 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 10/04/2018 at 09:00 AM at RM 1, 915 Wilshire Blvd., 10th Floor, , Los Angeles, CA 90017. Confirmation hearing to be held on 11/18/2019 at 09:00 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 11/09/2018. (admin, ) (Entered: 09/01/2018) |
| 09/03/2018 | | Notice of Debtor's Prior Filings for debtor Stephen Rawliegh Golden Case Number 18-18583, Chapter 13 filed in California Central Bankruptcy on 07/26/2018 , Dismissed for Failure to File Information on 08/07/2018; Case Number 01-21280, Chapter 7 filed in California Central Bankruptcy on 04/12/2001 , Standard Discharge on 07/23/2001; Case Number 17-14650, Chapter 11 filed in California Central Bankruptcy on 04/16/2017 , Dismissed for Failure to File Information on 04/27/2017.(Admin) (Entered: 09/03/2018) |
| 09/03/2018 | | Receipt of Voluntary Petition (Chapter 13)(2:18-bk-20152) [misc,volp13] ( 310.00) Filing Fee. Receipt number 47638066. Fee amount 310.00. (re: Doc# 1) (U.S. Treasury) (Entered: 09/03/2018) |
| 09/03/2018 | 3 (1 pg) | Certificate of Credit Counseling Filed by Debtor Stephen Rawliegh Golden (RE: related document(s)1 Voluntary Petition (Chapter 13)). (Golden, Stephen) (Entered: 09/03/2018) |

| 09/03/2018 | [4](#) | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Stephen Rawliegh Golden. (Golden, Stephen) (Entered: 09/03/2018) |
| --- | --- | --- |
| 09/04/2018 | [5](#)<br>(1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (Carranza, Shemainee). Case also deficient for: Holographic Signature of Debtor(s) on Petition (Official Form 101 or 201) [Attorney to refile Voluntary Petition (Pages 1 thru 7)] due by 9/7/2018. Modified on 9/7/2018 (Ly, Lynn). (Entered: 09/04/2018) |
| 09/06/2018 | [6](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)[2](#) Meeting (AutoAssign Chapter 13)) No. of Notices: 21. Notice Date 09/06/2018. (Admin.) (Entered: 09/06/2018) |
| 09/06/2018 | [7](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[1](#) Voluntary Petition (Chapter 13) filed by Debtor Stephen Rawliegh Golden) No. of Notices: 1. Notice Date 09/06/2018. (Admin.) (Entered: 09/06/2018) |
| 09/06/2018 | [8](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[1](#) Voluntary Petition (Chapter 13) filed by Debtor Stephen Rawliegh Golden) No. of Notices: 1. Notice Date 09/06/2018. (Admin.) (Entered: 09/06/2018) |
| 09/06/2018 | [9](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[5](#) Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 09/06/2018. (Admin.) (Entered: 09/06/2018) |
| 09/07/2018 | [10](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Zahradka, Robert. (Zahradka, Robert) (Entered: 09/07/2018) |
| 09/12/2018 | [11](#)<br>(2 pgs) | Chapter 13 Trustee's Notice of Requirements *with proof of service*. (Curry (TR), Nancy) (Entered: 09/12/2018) |
| 09/14/2018 | [12](#)<br>(58 pgs) | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years, Disposable Income Is Determined (Official Form 122C-1) , Chapter 13 Calculation of Your Disposable Income (Official Form 122C-2) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I |

| | | Individual. Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) , Signature of Attorney on Petition (Official Form 101 or 201) of Attorney , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Related Cases (LBR Form 1015-2.1) , Statement of zero balance , Statistical Summary of Certain Liabilities (Official Form B6 - Pg2), Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Summary of Schedules (Official Form B6 - Pg1) , Verification of Master Mailing List of Creditors (LBR Form F1007-1) , Disclosure of Compensation of Attorney for Debtor (Official Form 2030) Filed by Debtor Stephen Rawliegh Golden (RE: related document(s)1 Voluntary Petition (Chapter 13)). (Golden, Stephen) (Entered: 09/14/2018) |
|---|---|---|
| | [13](#)<br>(8 pgs) | Chapter 13 Plan (LBR F3015-1) Filed by Debtor Stephen Rawliegh Golden (RE: related document(s)1 Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Stephen Rawliegh Golden Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 09/14/2018. Schedule A/B: Property (Form 106A/B or 206A/B) due 09/14/2018. Schedule C: The Property You Claim as Exempt (Form 106C) due 09/14/2018. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 09/14/2018. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 09/14/2018. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 09/14/2018. Schedule H: Your Codebtors (Form 106H or 206H) due 09/14/2018. Schedule I: Your Income (Form 106I) due 09/14/2018. Schedule J: Your Expenses (Form 106J) due 09/14/2018. Declaration About an Individual Debtors Schedules (Form 106Dec) due 09/14/2018. Statement of Financial Affairs (Form 107 or 207) due 09/14/2018. Chapter 13 Plan (LBR F3015-1) due by 09/14/2018. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 09/14/2018. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 09/14/2018. Cert. of Credit Counseling due by 09/14/2018. Statement of Related Cases (LBR Form F1015-2) due 09/14/2018. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 09/14/2018. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 09/14/2018. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 09/14/2018. Incomplete Filings due by 09/14/2018.). (Golden, Stephen) (Entered: 09/14/2018) |
| 09/14/2018 | | |
| 09/14/2018 | [14](#)<br>(8 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002- |

| | | |
|---|---|---|
| | | 1) Filed by Debtor Stephen Rawliegh Golden (RE: related document(s)[1](#) Voluntary Petition (Chapter 13)). (Golden, Stephen) (Entered: 09/14/2018) |
| 09/14/2018 | [15](#) (5 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Stephen Rawliegh Golden. (Golden, Stephen) (Entered: 09/14/2018) |
| 09/17/2018 | 16 | Notice to Filer of Error and/or Deficient Document **Document was not filed on the Court's Mandatory Form. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT MANDATORY FORM.** (RE: related document(s)[13](#) Chapter 13 Plan (LBR F3015-1) filed by Debtor Stephen Rawliegh Golden) (Carranza, Shemainee) (Entered: 09/17/2018) |
| 09/19/2018 | [17](#) (1 pg) | Order and Notice of Dismissal for Failure to File Schedules, Statements, and/or Plan - DEBTOR Dismissed (BNC) (Alcala, Maria) (Entered: 09/19/2018) |
| 09/20/2018 | [19](#) (23 pgs) | Motion to vacate dismissal *and Reinstate Chapter 13* Filed by Debtor Stephen Rawliegh Golden (Golden, Stephen) (Entered: 09/20/2018) |
| 09/21/2018 | [18](#) (3 pgs) | BNC Certificate of Notice (RE: related document(s)[17](#) ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (CACB AutoDismiss) (BNC)) No. of Notices: 22. Notice Date 09/21/2018. (Admin.) (Entered: 09/20/2018) |
| 09/21/2018 | | Hearing Set (RE: related document(s) [19](#) Motion to vacate dismissal filed by Stephen Rawliegh Golden) Hearing to be held on 10/16/2018 at 11:00 AM 255 E. Temple St. Courtroom 1368 Los Angeles, CA 90012. The hearing judge is Vincent Zurzolo (Pennington-Jones, Patricia) (Entered: 09/21/2018) |
| 09/25/2018 | [20](#) (4 pgs) | Chapter 13 Trustee's Final Report and Account . (Curry (TR), Nancy) (Entered: 09/25/2018) |
| 10/18/2018 | [21](#) (1 pg) | Order Denying Debtor's Motion to Vacate Dismissal And Resinstate Chapter 13 (BNC-PDF) (Related Doc # [19](#) ) Signed on 10/18/2018 (Carranza, Shemainee) (Entered: 10/18/2018) |
| 10/20/2018 | [22](#) (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[21](#) Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/20/2018. (Admin.) (Entered: 10/20/2018) |
| 11/01/2018 | [23](#) (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Cramer, Christopher. (Cramer, Christopher) (Entered: 11/01/2018) |

| | 24 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (RE: related document(s)2 Meeting (AutoAssign Chapter 13), 19 Motion to vacate dismissal filed by Debtor Stephen Rawliegh Golden) (Vandensteen, Nancy) (Entered: 11/02/2018) |
| 11/02/2018 | | |

**PACER Service Center**

**Transaction Receipt**

02/15/2019 10:54:51

| PACER Login: | Pacerwolf:2558381:4814562 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:18-bk-20152-VZ Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 4 | Cost: | 0.40 |

# EXHIBIT  10

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Bankruptcy Petition #: 2:18-bk-23069-SK

*Date filed:* 11/05/2018
*Date terminated:* 01/14/2019
*Debtor dismissed:* 12/18/2018
*341 meeting:* 12/14/2018

*Assigned to:* Sandra R. Klein
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| **Debtor** | represented by **Stephen R Golden** |
| **Karen Golden** | Law Office of Stephen R. Golden |
| 2450 E. Del Mar Blvd. Unit 34 | 127 N. Madison Ave., Ste 101B |
| Pasadena, CA 91107 | Pasadena, CA 91101 |
| LOS ANGELES-CA | 626-584-7800 |
| 626-399-8104 | Fax : 626-795-5940 |
| SSN / ITIN: xxx-xx-0596 | Email: karen@stephengoldenlaw.com |

*Trustee*
**Kathy A Dockery (TR)**
801 Figueroa Street, Suite 1850
Los Angeles, CA 90017
(213) 996-4400

*U.S. Trustee*
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 11/05/2018 | 1<br>(8 pgs) | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Karen Golden (Golden, Stephen) Warning: See docket entries 6 and no 7 also for corrective actions. Case also deficient: Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 11/19/2018. Schedule A/B: Property (Form 106A/B or 206A/B) due 11/19/2018. Schedule C: The Property You Claim as Exempt (Form 106C) due 11/19/2018. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 11/19/2018. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 11/19/2018. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 11/19/2018. Schedule H: |

Your codebtors (Form 106H or 206H) due 11/19/2018. Schedule I: Your Income (Form 106I) due 11/19/2018. Schedule J: Your Expenses (Form 106J) due 11/19/2018. Declaration About an Individual Debtors Schedules (Form 106Dec) due 11/19/2018. Statement of Financial Affairs (Form 107 or 207) due 11/19/2018. Chapter 13 Plan (LBR F3015-1) due by 11/19/2018. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 11/19/2018. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 11/19/2018.Statement of Related Cases (LBR Form F1015-2) due 11/19/2018. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 11/19/2018. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 11/19/2018. Incomplete Filings due by 11/19/2018.Modified on 11/6/2018 (Kaaumoana, William). (Entered: 11/05/2018)

| 11/05/2018 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Karen Golden. (Golden, Stephen) (Entered: 11/05/2018) |
| 11/05/2018 | 3 (1 pg) | Certificate of Credit Counseling Filed by Debtor Karen Golden. (Golden, Stephen) (Entered: 11/05/2018) |
| 11/05/2018 | 4 (2 pgs) | Verification of Master Mailing List of Creditors (LBR Form F1007-1) Filed by Debtor Karen Golden. (Golden, Stephen) (Entered: 11/05/2018) |
| 11/05/2018 | 5 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 12/14/2018 at 09:00 AM at RM 1, 915 Wilshire Blvd., 10th Floor, , Los Angeles, CA 90017. Confirmation hearing to be held on 01/10/2019 at 10:00 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 01/14/2019. (Golden, Stephen) (Entered: 11/05/2018) |
| 11/05/2018 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Karen Golden) Statement of Related Cases (LBR Form F1015-2) due 11/19/2018. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 11/19/2018. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 11/19/2018. Incomplete Filings due by 11/19/2018. (Kaaumoana, William) (Entered: 11/06/2018) |
| 11/05/2018 | | Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Karen Golden) Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 11/19/2018. Schedule A/B: Property (Form 106A/B or 206A/B) due 11/19/2018. Schedule C: The Property You Claim as Exempt (Form 106C) due 11/19/2018. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 11/19/2018. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 11/19/2018. |

Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 11/19/2018. Schedule H: Your Codebtors (Form 106H or 206H) due 11/19/2018. Schedule I: Your Income (Form 106I) due 11/19/2018. Schedule J: Your Expenses (Form 106J) due 11/19/2018. Declaration About an Individual Debtors Schedules (Form 106Dec) due 11/19/2018. Statement of Financial Affairs (Form 107 or 207) due 11/19/2018. Chapter 13 Plan (LBR F3015-1) due by 11/19/2018. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 11/19/2018. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 11/19/2018. Incomplete Filings due by 11/19/2018. (Kaaumoana, William) (Entered: 11/06/2018)

| | | |
|---|---|---|
| 11/06/2018 | [6](1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)[1] Voluntary Petition (Chapter 13) filed by Debtor Karen Golden) (Kaaumoana, William) (Entered: 11/06/2018) |
| 11/06/2018 | [7](1 pg) | ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (BNC) (RE: related document(s)[1] Voluntary Petition (Chapter 13) filed by Debtor Karen Golden) (Kaaumoana, William) (Entered: 11/06/2018) |
| 11/06/2018 | [8](1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 11/06/2018) |
| 11/08/2018 | [9](1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Fujimoto, Daniel. (Fujimoto, Daniel) (Entered: 11/08/2018) |
| 11/08/2018 | [10](4 pgs) | BNC Certificate of Notice (RE: related document(s)[5] Meeting (AutoAssign Chapter 13)) No. of Notices: 3. Notice Date 11/08/2018. (Admin.) (Entered: 11/08/2018) |
| 11/08/2018 | [11](2 pgs) | BNC Certificate of Notice (RE: related document(s)[6] Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 11/08/2018. (Admin.) (Entered: 11/08/2018) |
| 11/08/2018 | [12](2 pgs) | BNC Certificate of Notice (RE: related document(s)[7] ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (Ch 7/13) (BNC)) No. of Notices: 1. Notice Date 11/08/2018. (Admin.) (Entered: 11/08/2018) |
| 11/13/2018 | | Receipt of Voluntary Petition (Chapter 13)(2:18-bk-23069) [misc,volp13] ( 310.00) Filing Fee. Receipt number 48040738. Fee amount 310.00. (re: Doc# [1]) (U.S. Treasury) (Entered: 11/13/2018) |
| 11/19/2018 | [13](14 pgs) | Chapter 13 Plan (LBR F3015-1) Filed by Debtor Karen Golden (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)[1] Voluntary Petition (Chapter 13) |

filed by Debtor Karen Golden) Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 11/19/2018. Schedule A/B: Property (Form 106A/B or 206A/B) due 11/19/2018. Schedule C: The Property You Claim as Exempt (Form 106C) due 11/19/2018. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 11/19/2018. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 11/19/2018. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 11/19/2018. Schedule H: Your Codebtors (Form 106H or 206H) due 11/19/2018. Schedule I: Your Income (Form 106I) due 11/19/2018. Schedule J: Your Expenses (Form 106J) due 11/19/2018. Declaration About an Individual Debtors Schedules (Form 106Dec) due 11/19/2018. Statement of Financial Affairs (Form 107 or 207) due 11/19/2018. Chapter 13 Plan (LBR F3015-1) due by 11/19/2018. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 11/19/2018. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 11/19/2018. Incomplete Filings due by 11/19/2018.). (Golden, Stephen) (Entered: 11/19/2018)

| 11/19/2018 | [14](#)<br>(20 pgs) | Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Statement of Related Cases (LBR Form 1015-2.1) , Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) Filed by Debtor Karen Golden (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco)). (Golden, Stephen) (Entered: 11/19/2018) |
|---|---|---|
| 11/19/2018 | [15](#)<br>(13 pgs) | Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) Filed by Debtor Karen Golden (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco)). (Golden, Stephen) (Entered: 11/19/2018) |
| 11/19/2018 | [16](#)<br>(20 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys , Disclosure of Compensation of Attorney for Debtor (Official Form 2030) , Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) , Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years, Disposable Income Is Determined (Official Form 122C-1) , Chapter 13 Calculation of Your Disposable Income (Official Form 122C-2) Filed by Debtor Karen Golden. (Golden, Stephen) (Entered: 11/19/2018) |

| | | |
|---|---|---|
| 11/20/2018 | | ***Statistics Reporting*** Motion for Valuation of Security(CM27). (RE: related document(s)13 Chapter 13 Plan (LBR F3015-1) filed by Debtor Karen Golden) (Francis, Dawnette) (Entered: 11/20/2018) |
| 11/20/2018 | 17 (1 pg) | Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC) (RE: related document(s)14 Schedule A/B: Property (Official Form 106A/B or 206A/B) filed by Debtor Karen Golden, Schedule C: The Property You Claimed as Exempt (Official Form 106C), Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D), Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106F or 206F), Statement of Related Cases (LBR 1015-2.1), Summary of Assets and Liabilities (Official Form 106Sum or 206Sum)) (Francis, Dawnette) (Entered: 11/20/2018) |
| 11/22/2018 | 18 (2 pgs) | BNC Certificate of Notice (RE: related document(s)17 Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC)) No. of Notices: 1. Notice Date 11/22/2018. (Admin.) (Entered: 11/22/2018) |
| 11/26/2018 | 19 (1 pg) | Order and Notice of Dismissal for Failure to File Schedules, Statements, and/or Plan - DEBTOR Dismissed (BNC) (Gomez, Andrea) (Entered: 11/26/2018) |
| 11/27/2018 | 20 (1 pg) | Notice and Order vacating order of dismissal for Debtor - Due to clerical error (BNC) Signed on 11/27/2018. (Smith, Cynthia Joyce) (Entered: 11/27/2018) |
| 11/27/2018 | | Receipt of Amendment Filing Fee - $31.00 by 01. Receipt Number 20231412. (admin) (Entered: 11/27/2018) |
| 11/28/2018 | 21 (4 pgs) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 11/28/2018) |
| 11/28/2018 | 22 (2 pgs) | BNC Certificate of Notice (RE: related document(s)19 ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (CACB AutoDismiss) (BNC)) No. of Notices: 4. Notice Date 11/28/2018. (Admin.) (Entered: 11/28/2018) |
| 11/29/2018 | 23 (2 pgs) | BNC Certificate of Notice (RE: related document(s)20 Vacating order of dismissal - Due to clerical error (Order and Notice) (BNC)) No. of Notices: 4. Notice Date 11/29/2018. (Admin.) (Entered: 11/29/2018) |
| 12/17/2018 | 24 (3 pgs) | Chapter 13 Trustee's declaration that debtor failed to appear for examination. (Dockery (TR), Kathy) (Entered: 12/17/2018) |
| 12/18/2018 | 25 (1 pg) | ORDER and notice of dismissal for failure to appear at 341(a) meeting - **Debtor** Dismissed. (BNC) Signed on 12/18/2018 (RE: related |

| | | document(s)[23] Meeting (Auto Assign Chapter 13)). [24]. (Ly, Lynn) (Entered: 12/18/2018) |
|---|---|---|
| 12/20/2018 | [26] (3 pgs) | BNC Certificate of Notice (RE: related document(s)[25] ORDER and notice of dismissal for failure to appear at 341(a) meeting (Option A or Option B) (BNC)) No. of Notices: 18. Notice Date 12/20/2018. (Admin.) (Entered: 12/20/2018) |
| 01/10/2019 | [27] (4 pgs) | Chapter 13 Trustee's Final Report and Account . (Dockery (TR), Kathy) (Entered: 01/10/2019) |
| 01/14/2019 | 28 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Fortier, Stacey) (Entered: 01/14/2019) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/15/2019 10:57:27 | | |
| **PACER Login:** | Pacerwolf:2558381:4814562 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:18-bk-23069-SK Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |