KENNINGER & ASSOCIATES
Shirley Kenninger, Esq. (210818)
9909 Topanga Canyon Boulevard Suite 229
Chatsworth, California 91311
714-525-9903
714-707-4040 fax

THE LAW OFFICE OF JAY SMITH
Jay Smith, Esq. (150113)
22136 Sonoma Place
Chatsworth, California 91311
Telephone: (818) 709-4117

Attorneys for Plaintiff
VMOOM, A General Partnership

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DISTRICT

| | |
|---|---|
| IN RE: STEPHEN GOLDEN,<br>Debtor. | Chapter 7 Case No.: 2:19-bk-10489 BR<br><br>Adv. Proc. No.: |
| VMOOM, a General Partnership,<br>vs.<br>STEPHEN R. GOLDEN,<br>Defendant. | COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT TO PLAINTIFF (28 U.S.C. SECTIONS 157 AND 1334) |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

COMES NOW Plaintiff, VMOOM, a General Partnership, which complains and alleges against the Defendant as follows:

1.     This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. sections 157 and 1334.

2.     This is an action pursuant to Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure for a determination that a debt owed by Defendant to Plaintiff is not dischargeable under section 562(a)(2)(A) and 562(a)(6) of the Bankruptcy Code

3.     Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

4.     Defendant is the debtor in this Chapter 7 case which was filed on February 27, 2019. The deadline to file a complaint for determination of dischargeability is May 28, 2019. Plaintiff is the debtor by virtue of the following facts:

    A.    Debtor is an attorney licensed by the State of California to practice law.

    B.    Debtor was retained to represent Plaintiff in a breach of contract action and agreed with Plaintiff that he would have a legal fees cap.

    C.    Debtor breached this agreement and engaged in fraudulent conduct regarding his billing to Plaintiff.

    D.    Plaintiff sued Debtor in the Los Angeles County Superior Court in LASC case no. EC060785.

    E.    A Judgment for fraud was entered in that case on February 25, 2017. A true and correct copy of that Judgment is attached to this Complaint as Exhibit 1.

    F.    Following entry of that Judgment, Debtor filed for bankruptcy under Chapter 13. That bankruptcy was dismissed for Debtor's failure to file his plan documents.

    G.    Debtor has filed the instant Chapter 7 bankruptcy.

    H.    Plaintiff has demanded, both during the underlying Superior Court case and after the Judgment was entered, full payment of the Judgment amount. Debtor has refused to pay Plaintiff any monies due on the Judgment.

1  I. The Judgment that was entered on behalf of Plaintiff in the underlying case was the result of a settlement agreement that Debtor entered into with Plaintiff. Debtor failed and refused to make any of the payments under the settlement agreement, and Plaintiff was forced to convert the settlement agreement to a Judgment pursuant to California Civil Procedure Code section 664.6.

J. Debtor represented to Plaintiff when he entered into the settlement agreement that he would make the payments under that agreement. That representation was false, and Debtor knew it was false when he made the representation because he never intended to pay any monies to Plaintiff under the settlement agreement.

K. Debtor made those representations to Plaintiff with the intent that Plaintiff would rely on those representations to their detriment. Plaintiff did rely on those representations to their detriment in that they forestalled their litigation efforts and collection efforts based on the representations of the Debtor.

## FIRST CAUSE OF ACTION

**(For a Determination that the Debt to Plaintiff is Non-dischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code)**

5. Plaintiff realleges paragraphs one through 4 as though set forth fully herein and incorporates those paragraphs by reference.

6. At the time Debtor entered into the settlement agreement with Plaintiff in which he promised to make scheduled payments, and at the time that Debtor promised Plaintiff as their attorney that he would cap the legal fees he would charge Plaintiff for providing legal work, he made these representations knowing that the representations were false and that he made those representations to Plaintiff with the intent that Plaintiff would rely on those representations to their detriment.

COMPLAINT 3

7. Plaintiff did rely on the representations to their detriment in that they agreed to have Plaintiff continue to represent them as their legal counsel, and they relied on the representations that Debtor would make the scheduled payments under the settlement agreement thereby delaying the recovery of their rights under the law.

8. As a direct and proximate result of the actions of the Debtor, Plaintiff has suffered damages, both general and compensatory in an amount according to proof at trial, but in no event less than $120,000.

9. Debtor's actions were made with the intent to injure Plaintiff. As such, Debtor's actions were willful, malicious and oppressive, and subject Debtor to exemplary and punitive damages all in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

### (For a Determination that the Debt owed to Plaintiff is Non-dischargeable Pursuant to Section 523(a)(6) of the Bankruptcy Code)

10. Plaintiff realleges paragraphs one through 9 as though set forth fully herein and incorporates those paragraphs by reference.

11. Plaintiff's claim against Debtor is non-dischargeable under section 523(a)(6) of the Bankruptcy Code because Debtor's actions were willful and malicious.

12. Debtor had a subjective intent to inflict the injury or believed the injury was substantially certain to occur as a result of his conduct. There can be not doubt that Debtor knew that by charging Plaintiff more than the agreed-upon legal fee cap, and by refusing to pay the scheduled payments pursuant to the settlement agreement that injury to the Plaintiff was substantially certain to occur.

13. Debtor did not pay Plaintiff even though Debtor had the ability to do so.

14. Debtor deliberately overcharged Plaintiff and then deliberately refused to pay the

COMPLAINT 4

scheduled payments pursuant to the settlement agreement.

15. As a direct and proximate result of the actions of the Debtor, Plaintiff has suffered compensatory and general damages all in an amount according to proof at trial, but in no event less than $120,000.

16. There was no legal or other excuse for Debtor to overcharge Plaintiff, and there was no legal excuse for Debtor to fail to pay Plaintiff the scheduled payments under the settlement agreement.

17. The actions of the Debtor were designed to injure the Plaintiff. As such, the Debtor's actions were willful, malicious and oppressive and subject the Debtor to exemplary and punitive damages all in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief from this Court as follows:

ON THE FIRST CAUSE OF ACTION:

1. For a determination that Plaintiff's claim is non-dischargeable.
2. For compensatory damages in the amount of $120,000.
3. For general damages in an amount according to proof at trial.
4. For punitive and exemplary damages in an amount according to proof at trial.

ON THE SECOND CAUSE OF ACTION:

1. For a determination that Plaintiff's claim is non-dischargeable.
2. For compensatory damages in the amount of $120,000.
3. For general damages in an amount according to proof at trial.
4. For punitive and exemplary damages in an amount according to proof at trial.

ON ALL CAUSES OF ACTION:

1. For costs of suit incurred herein.
2. For reasonable attorney's fees.

3.  For such other, further relief as this Court finds appropriate.

Dated: April 30, 2019                KENNINGER & ASSOCIATES

*/s/ Shirley A. Kenninger*
Shirley A. Kenninger
Attorney for Plaintiff

COMPLAINT 6

# EXHIBIT 1

1  KENNINGER & ASSOCIATES
   Shirley Kenninger (210818)
2  1519 East Chapman Avenue #145
   Fullerton, California 92831
3  714-525-9903
   714-404-7070 fax
4
   Attorneys for Plaintiff
5  VMOOM, A General Partnership

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 4 4 2017

Sherri R. Carter, Executive Officer/Clerk
BY_____, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES –
## NORTH CENTRAL DISTRICT – BURBANK COURTHOUSE

| | |
|---|---|
| VMOOM, a general partnership, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. EC060785 |
| STEPHEN R. GOLDEN, an individual, *et al.*, ) | [~~PROPOSED~~] JUDGMENT |
| Defendants. ) | |
| _____ ) | Date: February 3, 2017 |
| STEPHEN R. GOLDEN, an individual; ) | Time: 8:30 a.m. |
| STEPHEN R. GOLDEN & ASSOCIATES, *fka* ) | Dept. B |
| LAW OFFICE OF STEPHEN R. GOLDEN, ) | |
| *fka* OLD TOWN LAW OFFICES OF ) | |
| STEPHEN R. GOLDEN, ) | |
| Cross-Complainants, ) | |
| vs. ) | |
| THOMAS P. FRIEDMAN, ESQ, an ) | |
| individual; and DOES 1 through 10, inclusive, ) | |
| Cross-Defendants. ) | |

(PROPOSED) JUDGMENT

1     THE COURT, after having reviewed the Motion to Convert Settlement Agreement to Judgment, and after having reviewed the pleadings and papers on file herein, and with good cause appearing therefor;

    HEREBY ORDERS THAT Judgment be entered in favor of VMOOM, a general partnership and against all Defendants, on the causes of action for Fraud / Constructive Fraud, Breach of Written Fee Agreement, Professional Negligence/Legal Malpractice, Breach of Fiduciary Duty, Breach of the Implied Covenant of Good Faith and Fair Dealing, Declaratory Relief and Unfair Business Practices (California Business and Professions Code section 17200), jointly and severally, in the total amount of $78,160.00.

Dated: February FEB 2 4 2017, 2017.

                                     DONNA FIELDS GOLDSTEIN
                                     Hon. Donna Fields, Goldstein
                                     Los Angeles County
                                     Superior Court Judge

(PROPOSED) JUDGMENT

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen and not a party to this litigation. My business address is 3055 Wilshire Boulevard Suite 1120, Los Angeles, California 90010.

On February 3, 2017 I served the foregoing document described below as [PROPOSED] JUDGMENT on the interested parties to this action:

[ ]  (BY PERSONAL SERVICE). I delivered such envelope by hand to counsel for the parties as set forth below:

[X]  (BY MAIL) I placed a true and correct copy of the above document in an envelope, postage prepaid, first-class to the address below:

Elaine Etingoff, Esq.
600 North Rosemead Avenue Suite 100
Pasadena, California 91107

[ ]  (BY EXPRESS MAIL COURIER) I placed a true and correct copy of the above document in an envelope, postage prepaid, and deposited the envelope in a box regularly maintained by the courier for overnight delivery:

[xx]  (BY TELECOPIER OR ELECTRONIC TRANSMISSION) I transmitted said document via telecopier transmission (FAX) or electronic mail (EMAIL) to counsel for the party set forth above.

[XX]  (State) I declare under penalty of perjury pursuant to the laws of the State of California that the above is true and correct.

_____Shirley Kenninger_____
(Type or print name)

_____/s/ Shirley Kenninger_____
Signature

(PROPOSED) JUDGMENT